Adamczyk
Attorney General
of Illinois et al..                Southern District Federal Court
                                   of Illinois

1

20-63-NJR

AN [Emergency motion] Writ of MANDAMUS

This is not An Appeal

Petitioner: Lawrence Adamczyk

Defendants: State of Illinois, IDOC, Attorney General of Illinois Kwame Raoul, Director of IDOC Rob Jefferys, Warden of Big Muddy River Correctional Center Sullivan.

Juristriction: Article VI gives Federal courts original Juristriction when State Judges, State Laws, Are in direct conflict with the Supreme Laws of the Land And Federal Law
   28 § 1651 Allows Habeas Corpus of A MANDAMUS. multiple other Federal Acts could be Attached with this. I Ask court for lienency As Pro Se wishing to stay Prose, I know Federal Courts have Juristriction to An Unconstitutional Statue claim.
      Therefore I will explain the issue involved in the most easy to follow form MANDAMUS requires because it should be used to show the Mandatory obligation

2

Anderson
v.
A.G. of Illinois et al

Southern District Court of Illinois

ISSUE: UNCONSTITUTIONAL State Sexually Dangerous Person Act (SDPA) of Illinois 725 ILCS 205

Relief: Declare the SDPA UNCONSTITUTIONAL by MANDAMUS because it violates the Supreme Law of U.S., The Constitution!!

State of Illinois, Legislators, and Attorney General of Illinois CANNOT Allow it to exist. They have a legal duty to not make the law nor allow it to exist oath of office.

Hence MANDAMUS would be the A very clear right to the writ. The Attorney General must not allow the U.S. Constitution to be denied in its strictest application (uphold the U.S. Constitution) make sure it is not Abused. The UNCONSTITUTIONAL Statue, SDPA, does. This effects me and around 170 other wards of IDOC, as well as the people of Illinois, and United States of America

Adamczyk
v
A.G. of Illinois et al

Southern District of Illinois
Federal Court

This is A Ministerial Duty to the Attorney General of Illinois A <u>Nondiscretionary</u> <u>duties</u> by A Public Officer

Why the SDPA is Unconstitutional SDPA plain language literal states it takes A started criminal prosecution than replaces it with A civil proceeding. SDAA takes A started criminal proceeding And makes it A civil proceeding. This disparages the 5th Amendment; Denies the 6th Amendment; creates A <u>status</u> <u>type</u> expost facto, Bill of Attainder of rights And type like by it definition Section 1.01 And 4.05 elements of proof violating the 8th Amendment And 14th Amendment. Creates undue prejudice And an element of proof that cannot meet it stated standard of proof by speculative opinion. Another 8th And 14th Amendment violation. I could write to other violates related to the Act

Adamczyk
v
A.G of Ill. et al

Southern District Federal Court of Illinois

Any of these on face make the SDPA unconstitutional

I will explain the issue from the easiest to see Never can a state create a statue that explictly denies a constitutional right, privilidge. The Constitution Bill of Rights and other Amendments 14th for example are what our Justice System is Individual rights to make sure State laws or other Abuse them

The 15th Amendment actually includes this. No benign purpose, or parens patriae Doctrine give the State of Illinois the right to abridge the 6th Amendment or disparage the 5th As much as it Attempts to do and does by confusion.

This is a direct violation of the 9th Amendment if the Attorney General somehow attempts to say a state has that right. It does not Article VI of the Constitution Clearly states

5

Adams et.
v.                                Southern District Federal
A.G. of Ill. et al                Court of Illinois

"This Constitution ..... shall be the supreme law of the land."
The 9th Amendment literally says nothing in the order of the Amendments shall allow an Amendment to deny or disparage another Amendment. The State Statute SDPA explicitly says it does to already Agreement.

Illinois should uphold the Constitution and create benign purpose state laws. 5th Amendment and 6th Amendment not violated. Indict, criminal prosecution, all due process of criminal trial, if found guilty, sentence, then if it "shall Appear" to State Attorney section 3 of Act after that they may need to be made a ward of Illinois because of a mental disorder place is set aside treatment center as ward to mental disorder (not label) mandate treatment. Allow early release if completed or mandatory supervision to the most least restricted place and way.

6

Case 3:20-cv-00063-NJR   Document 1   Filed 01/15/20   Page 6 of 17   Page ID #6

Adamczyk                    Southern District Federal
     v                      Court of Illinois
A.G. of Ill, et al

to private or public facilities that allow interaction Action with the public with some amount or no amount of supervision. Illinois has a lot of these things just not very coordinated IDOC could do this but it is to archaic in thinking punitive conditions and it no real real duty to treat rehabilitate but to warehouse humans as property instead. It hall written mission statement explains rehabilitation but no duty to staff is placed upon IDOC. A WARD of a treatment center would accomplish this if benign purpose exist. I believe it should and believe it would work a lot better this way. Punitive conditions is itself counter productive to rehabilitation. A punishment you cannot get away from creates trauma and bad behaviors to adapt to it.

Why prisons rates are 60% - 65% recidivisism and high attempt suicide? If the set aside facility is like that for

7

Adamczyk
v
A.G. of Ill. et al

Southern District Federal Court of Illinois

the current one IDOC uses to house and treat the wards from the SDPA. It would be unconstitutional based on all the inhumane punitive conditions that exist. If IDOC is to have a successful place set aside to rehabilitate it must change their beliefs, thoughts and actions in implementing policy.

I claim to meet the criteria for Mandamus.

1. Declaring the SDPA unconstitutional should not possible be reviewable.

2. The Court has the right to declare it unconstitutional or pass it to the proper Federal it beliefs has the right. The Court has previously done this with writs & I have given it. The Court resides in Illinois.

3. Without the writ I am suffering irreparable harm, being first loss of liberty in a punitive environment (against law in first place). Time lost to liberty can never be replaced. I have seen wards of IDOC already die here.

respectfully submitted by
Larry Adamczyk

seperate issue to decide on its own merits but common theme is the SVPA (sexually violent Persons Act) is UNConstitutional Also

The Act, SVPA, differs mostly in that is done after the criminal prosecution ~~Arrest~~ including the sentence, but invoked prior to it's completion. It too is ~~too~~ A civil in nature 725 ILCS 207 (criminal proceeding) civil once invoked. It takes Away liberty for An indefinite of Amount of time

The SDPA directly violates the 6th Amendment. The SVPA does by Accussing the person of future sex offenses (although more specific ones) And pronouncing gulity. 5th ~~Amendment~~ vi

This is the same violation of the 9th Amendment as Supreme law of the land thru Article VI see discussion to SDPA. Here it at the very least desparge it or denies it.

Adamczyk v. A.G. of Ill. et al — Southern District Federal Court of Illinois

To the 5th Amendment it serves to in fact (Both Acts do) indict to a future offense by a speculative expert opinion. The level of proof really is no more than probable cause. What occurs in court is a preliminary hearing to that fact of a future crime.

Problem no bill of particulars could exist and how do you defend to probable cause of past offense (Double Jeopardy) mental disorder opinion and some future offense that may yet exist (ex post facto) or may not even exist (Bill of Attainder).

The language of the Acts are highly prejudicial things that would not even be in a preliminary hearing. Because it is defined to a status label. Cannot allow it to occur.

Both Acts (SVPA, SDPA) in recovery hearing emphasize this still sup defined by same definitions. This points out the problem

Andrzejzyk
v.
A.G. of Ill. et al

Southern District
Federal Court
of
Illinois

It violates the 14th Amendment directly to Both Acts SVPA And SDPA in the Any Law clause that Abridges a priviledge or immunity That being Double Jeopardy and A criminal prosecution to the future crimes.

Both are Bill of Attainder and ex-post facto laws which No State can make. A direct violation of Article I section 10 of the Constitution. Because as part of the definition of a SVP or SDP future sex offenses (crime) is an element of proof The future law is being of what a person will do is being Applied to them now. Ex post facto law (civil or criminal) by A expert who makes the statement likely engage in Acts of sexual violence Is this termed defined to one persons view of what is an act of sexual violence

Adamczyk  Southern District federal
                Court of Illinois
A.G. of Ill. et al

    I hope not. The courts consider it is
done to criminal law.
    This in fact a point that needs
to be made the expert in psychology
cannot draw conclusions of law
It is against their ethical standards
It is the SVPA that makes them
say it as a highly prejudicial
statement entered into evidence but
also as a element of proof
    A Bill of Attainder is passing
a finding of gulit on a person
without a trial (that is what
the evidence statement does.) (
That is why psychologists cannot
draw conclusions of law)
    Futher gulit to a felony charge
that involves liberty being
taken away must have a criminal
trial. To agree a civil trial
that passes gulit via the label
of SVP or SDP (which has it as part

of the definition still amounts to passing guilt in a civil trial. This is a violation of the 5th Amendment due process, Double Jeopardy.

Finally neither Act can possibility conclude in the civil trial to the standard of proof they require To the elements in conjunction. Meaning each element must be proved to that standard. (Tier of fact-finder may logically add them up but this is not to the element)

An speculative opinion is more likely than not at best. It can not meet clear and convincing, nor beyond a reasonable doubt. Yet is an element which stand on its own to this proof.

The prejudicial elements of Double Jeopardy to the SVP. Proof of old guilt used again, a mental disorder which again sometimes cannot even meet the standard of clear and convincing without clear facts. Most of the time

Adamczyk
v
A.G. of Ill et al

Southern District Federal
Court of Illinois

for SVP it is more likely than not. The whole meaning of proof rest with an expert saying these things in conjunction. Even if another expert says they cannot conclude this (which is true to their ethical standards). Courts still focus on the past crimes — future crimes undue prejudice out of fear.

Of course reasonable doubt exist but fear preclude it in findings Hiding the legal violation by defining them in a prejudicial label sexually violent (dangerous) person does not allow it to be right

If nothing it makes it worse The Attorney General is suppose to uphold the Constitution not circumvent it This is MANDAMUS They are required to declare the Act unconstitutional They are the party to name in a unconstitutional Statue claim.

14   Adamczyk            Southern District Federal
     v                              Court of Illinois
     A-G of Ill., et al

The irrappable harm to me is that such acts exist. I am currently being held as an SDP to a criminal case that as a matter of law could not have been charged, it was falsely brought, had no victim and in fact was dismissed, but the vague statue SDP still got me SDP ed. because a expert testified to law conclusions. (It against the SOPA to be told) without them.

I have a B.S. in Psychology. They cannot do this the DSM-5 or earlier versions warn against testifying to conclusions of law. It is a disservice to the field of Psychology when experts brake this ethic. It serves to lower treatment incentive programs, and solutions to ~~make~~ find treatment that works (why this fact exist)

As a American citizen I find the unconstitutional statue repugnant for taking away rights of any citizens; it harms society, cost taxpayers money, is fear

driver instead of results. The benign purpose which is to provide treatment to the person who needs it.

The Unconstitutional Statue does not do this because it words focus on SOP not mandate treatment that works.

I already explained how to do the Acts purpose Constitutionally but if treatment centers do not provide non-punitive conditions (proper care) least restrictive treatment. They greatly decrease their success of the benign purpose.

My clear right to the mandamus writ for the SUPA is that because it violates the Constitution in so many ways, and hurts people with mental Disorders, and both the legal and psychological profession those who use and promote it, and American justice system The right exists to have it declare Unconstitutional

Apancryk  Southern District East
v.
A.G. of Ill et al    Court of Illinois

In conclusion this Act like the SOPA violate the 9th Amendment deny and disparge. specially it language takes what would normally done with criminal proceedings and make it civil, thus taking away 5th Amendment protections.

The 14th Amendment Any Law clause is violated because Act abridges priviledges and immunities mostly for the same reasons. Here a whole discussion to Federal Wage, Social Security, 1st Amendment violations could be added.

As discussed, the Benign purpose can be done Constitutionally not making criminal proceedings civil. Here the SVPA differ they have a sentence mandate treatment to a treatment facility designed as such with early release from sentence. because the mental disorder needs treatment. ~~Including~~

I ask the Court to consider each seperatly the SDPA clearly states it takes a criminal prosecution and makes it civil. If this helps the MANDAMUS to occur

But the SVPA is in the criminal sentence because it is done before a sentence is complete.

relief sought: IS to declare one the SDPA or both SVPA and SDPA they both circumvent, abridge, disparage deny Constitutional rights by language in converting criminal proceeding to civil proceedings.

I did not cite a lot of case law to support this, but feel the discussion supports itself, I reservese the right ask the Court to Allow me to do this only if they feel it is neccessary. I did want to write memorandum to take up it valuable time when not needed.

Thank you submitted by
Jay Coleman